IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

    Plaintiff,

 v.

DUSTIN A. WILES,
15210C Motters Station Road,
Rocky Ridge, MD 21778

5720 Conover Road,
Taneytown, MD 21787

608 Jasontown Road,
Westminster, MD 21158

56 Flowing Acres Road,
Charles Town, WV 25414

CHRISTINA STAMBAUGH f/k/a
CHRISTINA M. WILES
105 Colorado Avenue,
Littlestown, PA 17340

5720 Conover Road,
Taneytown, MD 21787

    Defendants.

Case No.

## COMPLAINT AND PETITION TO FORECLOSE

    The United States of America, on behalf of the Farm Service Agency, United States Department of Agriculture, by and through its undersigned attorneys, respectfully represents:

    1.    This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1345 and 7 U.S.C. § 1981.

    2.    The Plaintiff is the United States of America, acting through the Farm Service

1

Agency (hereinafter referred to as "FSA"), United States Department of Agriculture, with an office at 339 Busch's Frontage Road, Suite 104, Annapolis, Maryland 21409.

3. Defendant Dustin A. Wiles is a natural person whose last known addresses are 15210C Motters Station Road, Rocky Ridge, Maryland 21778, 5720 Conover Road, Taneytown, MD 21787, 608 Jasontown Road, Westminster, Maryland 21158, and 56 Flowing Acres Road, Charles Town, West Virginia 25414. Defendant Christina Stambaugh, f/k/a Christina M. Wiles, is a natural person whose last known address is 105 Colorado Avenue, Littlestown, PA 17340.

## COUNT I

4. On or about February 24, 2012, at the request of the Defendants Dustin A. Wiles and Christina Stambaugh (f/k/a Christina M. Wiles) (hereinafter the "Defendants"), FSA lent Defendants the sum of $257,500.00 (**Loan No. 41-01**) pursuant to the provisions of Consolidated Farm and Rural Development Act, 7 U.S.C. §1921 *et seq.*

5. As evidence of the indebtedness, Defendants executed and delivered to FSA a promissory note dated February 24, 2012, in the amount of $257,500.00. A true and correct copy of the promissory note is attached hereto, and made a part hereof, as **Exhibit A**.

6. On or about February 24, 2012, in consideration for the FSA loan, Defendants executed and delivered to FSA two mortgages whereby Defendants granted and conveyed the premises described therein to FSA. A mortgage was recorded among the Land Records of Carroll County, Maryland, in Liber 6848 at Folio 0160 on March 20, 2012. A true and correct copy of the mortgage is attached hereto, and made a part hereof, as **Exhibit B**. A mortgage was also recorded among the Land Records of Adams County, Pennsylvania, in Book 5684 at Page 368 on March 15, 2012. A true and correct copy of the mortgage is attached hereto, and made a part hereof, as

**Exhibit C**.

7. The loan was further secured by chattels as evidenced by a security agreement dated April 12, 2012, and executed by the Defendants. The security agreement covers all farm equipment and crops, among others, as more fully described therein, a true and correct copy of which is attached hereto, and made a part hereof, as **Exhibit D**.

8. In order to perfect FSA's security interest in the collateral described in **Exhibit D**, Defendants delivered to FSA a financing statement that was filed on or about February 28, 2012 and continued on or about January 27, 2017[1] in the financing records of the Maryland State Department of Assessments and Taxation. True and correct copies of the financing statements are collectively attached hereto, and made a part hereof, as **Exhibit E**.

9. Defendants also delivered to FSA a second financing statement, covering certain pieces of equipment, that was filed on or about October 10, 2012 and continued on June 30, 2017, in the financing records of the Maryland State Department of Assessments and Taxation. True and correct copies of the financing statements are collectively attached hereto, and made a part hereof, as **Exhibit F**.

10. FSA is the owner and holder of the promissory note, real estate mortgages and security agreement described herein.

11. FSA has a valid, perfected, first priority security interest in all of the items described in **Exhibits E and F**.

12. Defendants are the mortgagors and real owners of the property upon which foreclosure is sought, which is located at 5720 Conover Road, Taneytown, Maryland 21787

---

[1] The Form UCC3 continuation statement contains two date stamps - one showing January 27, 2017 and a second showing February 23, 2017.

(the "Property").

12. Defendants defaulted in the payment of the note by failing to make payments of principal and interest as required. As provided in the note, and following such defaults, FSA elected to declare, that by reason of the defaults, the entire balance of the note remaining unpaid is due and payable forthwith. Defendants' indebtedness for this loan was accelerated on September 20, 2016. True and correct copies of the acceleration notices are collectively attached hereto, and made a part hereof, as **Exhibit G**.

13. Defendants failed to pay the same and there is now due upon the note as of August 13, 2018, the total amount of $328,838.58 with interest accruing at a daily rate of $25.607. A declaration setting forth this indebtedness in detail is attached hereto, and made a part hereof, as **Exhibit H**.

14. Pursuant to the terms of the security agreement, upon default "Debtor (a) agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and (b) waives all notices, exemptions, compulsory disposition and redemption rights." *See* **Exhibit D** at Page 6 of 7.

15. Upon information and belief, Defendants are in possession of the collateral described in the security agreement without the consent of FSA. They have previously and wrongfully refused to turn over said collateral to FSA.

16. FSA is entitled to have immediate possession of all collateral described in the security agreement, and to sell said collateral and apply the proceeds thereof to reduce the aforesaid loan indebtedness.

17. By reason of the default, FSA is also entitled to an Order of this Court foreclosing the mortgages and ordering the sale of the Property pursuant to paragraph 27 of

said mortgages, in the manner provided by law and ordering the application of the proceeds of the sale in payment of the judgment of the FSA against Defendants.

18. The Property is "residential property" as defined in Section 7-105.1(a)(12) of the Real Property Article, Maryland Code.

19. The Property is "vacant and abandoned" as defined by Section 7-105.14 of the Real Property Article, Maryland Code, and therefore the foreclosure procedures mandated by Section 7-105.1(c) are not applicable.

20. As indicia of abandonment, FSA alleges as follows:

    (a) The mortgage on the Property has been in default for more than 120 days.

    (b) Utilities to the Property have been disconnected.

    (c) FSA has determined that no owner or tenant is residing on the Property pursuant to an inspection.

    (d) FSA winterized and secured the Property by changing the locks.

    (e) FSA is having the grass on the Property mowed regularly.

21. This action may be filed at any time after a default in a condition on which the mortgage provides that a sale may be made, pursuant to Section 7-105.1(b)(2)(iii)(1).

22. FSA, the secured party, is not a mortgage lender required to be licensed pursuant to the Maryland Mortgage Lender Law for the reason that it is a sovereign; thus, Section 7-105.1(e)(1)(i) is not applicable.

23. Affidavits of Non-Military Service for the Defendants are collectively attached hereto, and made a part hereof, as **Exhibit I**.

24. The Notice to Mortgagors required by Section 7-105.1(h)(2) is attached

hereto, and made a part hereof, as **Exhibit J**. It is being personally served concurrently, but separately, on the Defendants pursuant to Section 7-105.1(h)(2), along with the Complaint.

25. As outlined above, the Property is not "owner-occupied residential property," as defined by Section 7-105.1(a).

26. To the extent that the Property is determined to be "owner-occupied residential property," a final loss mitigation affidavit is not attached, nor did FSA send to Defendants a loss mitigation application, due to the fact that FSA is not authorized to submit to these substantive provisions of Maryland law that impinge on FSA's regulatory lending process. Rather, FSA's regulatory lending process provides ample opportunity for a delinquent borrower, prior to acceleration of their loan(s), to cure the default or take advantage of various loan servicing programs, including but not limited to, consolidation and rescheduling, reamortization, deferral, conservation contract, writedown, buyout, state-certified mediation and homestead protection. *See* 7 C.F.R. Part 766, Subpart C and Subpart D.

27. No other action has been brought at law or in equity to enforce the provisions of the aforesaid promissory note, security agreement and real estate mortgages, and all conditions precedent to the bringing of the action have been performed or have occurred. FSA has complied with the requirements of 7 C.F.R. Part 766.

28. FSA is entitled to a deficiency judgment against Defendant Dustin A. Wiles for any balance due and owing on account of the aforesaid loan after the sale of the Property and collateral described in the security agreement.

29. FSA is not pursuing a deficiency judgment against Defendant Christina Stambaugh (f/k/a Christina M. Wiles).

30.     Because the Property is situated in both Maryland and Pennsylvania, FSA is also pursuing a foreclosure proceeding in Pennsylvania.

## COUNT II

31.     On or about April 12, 2012, Defendants borrowed the sum of $77,000.00 (**Loan 44-02**) from FSA pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. §1921 *et seq.*

32.     As evidence of the indebtedness, Defendants executed and delivered to FSA a promissory note dated April 12, 2012, in the amount of $77,000.00. A true and correct copy of the promissory note is attached hereto, and made a part hereof, as **Exhibit K**.

33.     The loan was secured by chattels as evidenced by a security agreement dated April 12, 2012, and executed by the Defendants. The security agreement covers all farm equipment and crops, among others, as more fully described therein. *See* **Exhibit D**.

34.     In order to perfect FSA's security interest in the collateral described in **Exhibit D**, Defendants delivered to FSA a financing statement that was filed on or about February 28, 2012 and continued on or about January 27, 2017, in the financing records of the Maryland State Department of Assessments and Taxation. *See* **Exhibit E**.

35.     Defendants also delivered to FSA a second financing statement, covering certain pieces of equipment, that was filed on or about October 10, 2012 and continued on June 30, 2017, in the financing records of the Maryland State Department of Assessments and Taxation. *See* **Exhibit F**.

36.     FSA is the owner and holder of the promissory note and security agreement described herein. FSA has a valid, perfected, first priority security interest in all of the items described in Exhibits E and F.

37. Defendants defaulted in the payment of the note evidenced by **Exhibit K** by failing to make payments of principal and interest as required. As provided in the note, and following such defaults, FSA elected to declare, that by reason of the defaults, the entire balance of the note remaining unpaid is due and payable forthwith. Defendants' indebtedness for this loan was accelerated on September 20, 2016. *See* **Exhibit G**.

38. Defendants failed to pay the same and there is now due upon the note as of August 13, 2018, the total amount of $38,413.21, with interest accruing at a daily rate of $1.2581. *See* **Exhibit H**.

39. Pursuant to the terms of the security agreement, upon default "Debtor (a) agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and (b) waives all notices, exemptions, compulsory disposition and redemption rights." *See* **Exhibit D**.

40. Upon information and belief, Defendants are in possession of the collateral described in the security agreement without the consent of FSA. They have previously and wrongfully refused to turn over said collateral to FSA.

41. FSA is entitled to have immediate possession of all collateral described in the security agreement, and to sell said collateral and apply the proceeds thereof to reduce the aforesaid loan indebtedness.

42. FSA is entitled to a money judgment against Defendant Dustin A. Wiles for any deficiency remaining on the aforesaid loan after the sale of the collateral described in the security agreement.

43. FSA is not pursuing a money judgment against Defendant Christina Stambaugh (f/k/a Christina M. Wiles).

WHEREFORE, FSA demands judgment as follows:

(a) That the Court enter an Order granting judgment against Defendants in the amount of $328,838.58 as of August 13, 2018, plus interest at the daily accrual rate of $25.607 to the date of judgment, and interest at the legal rate thereafter until the date of payment in full;

(b) That the Court enter an Order foreclosing the mortgages described herein; ordering the Property to be sold in the manner provided by law; and ordering that the proceeds be applied to the costs and expenses of sale, next in satisfaction of the FSA's judgment against Defendants granted in Count I, and that the surplus, if any, be deposited in the account of the United States Marshal, subject to further order of the Court;

(c) That the Court enter an Order appointing the United States Marshal for the District of Maryland as Trustee to serve without bond to protect the interests of FSA in the Property during the pendency of these proceedings;

(d) That the Court enter an Order granting judgment against Defendants in the amount of $38,413.21 as of August 13, 2018, plus interest at the daily accrual rate of $1.2581 to the date of judgment, and interest at the legal rate thereafter until the date of payment in full;

(e) That the Court enter an Order granting FSA immediate possession of all chattel described in the security agreement;

(f) That the Court enter an Order requiring Defendants to immediately convey possession of said chattel to FSA and granting FSA the right to enter Defendants' premises, or the property where the items are located, for the purpose of marshalling and preparing for

removal, and to remove the same therefrom;

(g) That the Court enter an Order terminating and foreclosing Defendants' rights in said chattel; granting FSA the right to sell the foregoing chattel at public or private sale; granting FSA permission to be a purchaser at said sale; requiring the net proceeds of said sale to be applied first toward the payment of the costs of said sale and then toward the payment of FSA's judgment granted in Counts I and II; directing that in the event the sale proceeds meet the amount of the judgment and all the costs associated with the sale, any remaining chattel or proceeds from said property that have not been sold and/or applied towards the judgment and/or costs shall be conveyed back to Defendants, with costs associated with any such conveyance to be paid by Defendants;

(h) That the Court enter an Order granting FSA the right to request that a Writ of Assistance be issued directing the United States Marshal for the District of Maryland to take possession of the foregoing chattel from Defendants, or the person in whose possession the chattel may be found, and deliver the chattels to the FSA;

(i) That the Court enter an Order granting FSA a money judgment against Defendant Dustin A. Wiles for any deficiency remaining on the aforesaid loans after the sale of the Property and chattels;

(j) That the Court enter an Order directing that FSA shall have such other and further relief as shall be just and equitable; and

(k) That the Court enter an Order directing the Clerk of the Court to remit copies of the Order to all parties and their respective counsel of record.

Respectfully submitted,

ROBERT K. HUR
UNITED STATES ATTORNEY


_____/s/_____
Evelyn Lombardo Cusson (Bar No. 13926)
Assistant United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4833
evelyn.cusson@usdoj.gov


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.


Signed this 6th  day of September 2018.


_____/s/_____
Evelyn Lombardo Cusson
Assistant United States Attorney



Of Counsel:
Troy Mouer
USDA Office of General Counsel